WESTERN UNION TELEGRAPH CO. v. NASHVILLE, C. & ST. L. R. CO.

(District Court, N. D. Georgia, N. W. D.    April 22, 1916.)

No. 24.

TELEGRAPHS AND TELEPHONES ☞11—USE OF RAILROAD RIGHT OF WAY—CONSTRUCTION OF CONTRACT.

Where a contract between a railroad company and a telegraph company for use of the railroad company's rights of way by the telegraph company declared that it should cover and embrace all rights of way owned, leased, controlled, or operated by the railroad company, and should include any branch or branches that might be constructed, or other railroads that might be acquired by the company by lease or purchase, such contract extended to another line of railroad acquired by the railroad company, and fixed the rights of the parties thereto, notwithstanding the telegraph company, at the time of acquisition, had a contract with the owner of the line of railroad acquired.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 7; Dec. Dig. ☞11.]

In Equity. Bill by the Western Union Telegraph Company against the Nashville, Chattanooga & St. Louis Railroad Company. On motion to dismiss. Motion granted.

W. I. Clay, of Savannah, Ga., and Dorsey, Brewster, Howell & Heyman, of Atlanta, Ga., for plaintiff.

Claude Waller, of Nashville, Tenn., and Tye, Peeples & Jordan, of Atlanta, Ga., for defendant.

NEWMAN, District Judge. This case is now heard on a motion to dismiss. The facts which are set out in the bill make it a case which is controlled in every particular, it seems to me, by the decision of this court in the case of Western Union Telegraph Company v. Atlanta & West Point Railroad Company (D. C.) 227 Fed. 465, and especially by the case of Western Union Telegraph Company v. Louisville & Nashville Railroad Company (D. C.) 229 Fed. 234.

The lines involved in this case are the lines on the road from Kingston to Rome, and from 2 to 4 miles, according to the discussion here, of the old Nashville & Chattanooga Railroad, running through the county of Dade, in this state; both pieces of property being in the Northwestern division of this district.

The contract of June 18, 1884, referred to in the case of Telegraph Company v. Louisville & Nashville R. Co., supra, applies to the railroad in question here, because the contract of 1884 referred to the lines of the Nashville, Chattanooga & St. Louis Railway Company as a part of the lines embraced in the contract. A part of that contract, which was quoted in the opinion in the Louisville & Nashville R. Co. Case, is as follows:

"This contract is intended to cover and shall embrace all the railroad lines now owned, leased, controlled, or operated by the railroad company. * * * This contract is also intended to cover, and it shall include, any branch or branches that may be constructed by the railroad company, or other railroad or railroads that may be acquired by it, either by lease or purchase, or that may be controlled or operated by it during the existence of this agreement, should it be lawfully competent to include it or them."

The part of the Nashville & Chattanooga Railroad, stated to be from 2 to 4 miles, lying in Dade county, and a part of the old railroad line, was owned by the Nashville, Chattanooga & St. Louis Railroad Company at the time this contract of 1884 was made, and the line from Kingston to Rome was acquired in 1897. The contract of 1884 was to run for 25 years from July 1, 1884, and thereafter until the expiration of one year after written notice shall have been given by one of the parties of a desire or intention to terminate the same. So that the ownership of the part of the line in Dade county at the time the contract was made, and the acquisition of the other during the existence of the contract, brought them both within the terms of the contract.

I see nothing necessary to say in this case in addition to what has been said in the other cases referred to above, except that, whatever the rights of the Rome Railroad Company may have been prior to the time it was sold to the Nashville, Chattanooga & St. Louis Railroad Company, as between it and the Telegraph Company, they do not seem to me to affect, in any way, the rights as between the Telegraph Company and the Nashville, Chattanooga & St. Louis Railroad Company, as the contract was made, by express terms, to cover all railroad lines then owned, leased, controlled, or operated, and any that may be acquired by lease or purchase, or that may be controlled or operated during the term of the agreement.

For the reasons here stated, and for the additional reasons given in the two opinions above referred to, in the Atlanta & West Point Case and the Louisville & Nashville Case, the motion to dismiss must be sustained, and a decree to that effect may be taken.